UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
TRUSTEES OF THE NEW YORK CITY            :
DISTRICT COUNCIL OF CARPENTERS           :
PENSION FUND, WELFARE FUND,              :
ANNUITY FUND, AND                        :   25-CV-2567 (VSB)
APPRENTICESHIP, JOURNEYMAN               :
RETRAINING, EDUCATIONAL AND              :   **OPINION & ORDER**
INDUSTRY FUND, *et al*.,                 :
:
                         Petitioners,    :
:
              - against -                :
:
MAC INSTALLATIONS LLC,                   :
:
                         Respondent.     :
:
------------------------------------------------------------X

Appearances:

Maura S. Moosnick
Lillianna Iorfino
Virginia & Ambinder LLP
New York, NY
*Counsel for Petitioner*

VERNON S. BRODERICK, United States District Judge:

       Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"), the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), and the Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro," and together with the ERISA Funds and Charity Fund, "Petitioners" or "the Funds") petition under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, for confirmation of an arbitration award (the "Award") granted by an independent

arbitrator (the "Arbitrator") against Respondent MAC Installations LLC ("Respondent" or "MAC") pursuant to a collective-bargaining agreement ("CBA") between MAC and New York City District Council of Carpenters (the "Union"). (Doc. 1 ("Petition" or "Pet'n") ¶ 1.) Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED, and the arbitration award is CONFIRMED. Petitioners' request for attorneys' fees is GRANTED as well.

### I. Background[1]

The ERISA Funds are "employer and employee trustees" and "fiduciaries" within the meaning of Section 3(21) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21), of "multiemployer labor-management trust funds organized and operated in accordance with ERISA." (Pet'n ¶ 4.) The Charity Fund are trustees "of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code." (*Id.* ¶ 5.) CCA Metro "is a New York not-for-profit corporation." (*Id.* ¶ 6.) Respondent MAC is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 501 of the LMRA, 29 U.S.C. § 142. (*Id.* ¶ 7.) Respondent is bound by the CBA to make contributions to the Funds for certain work its employees performed, and to permit the Funds to audit its books and records to ensure it has remitted these contributions. (*Id.* ¶¶ 8–12.) The CBA also requires MAC to resolve any disputes regarding contributions to the Funds through the use of "a panel of five arbitrators," including Arbitrator J.J. Pierson. (*Id.* ¶ 13–16.)

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award, (Doc. 1 ("Pet'n")), and the supporting evidence submitted by Petitioner, including the December 4, 2024 award of Arbitrator J.J. Pierson, (Doc. 1-10 ("Award")).

2

Pursuant to the CBA, Petitioners audited MAC's contributions to the Funds for the period between June 19, 2021 and December 22, 2023. (Pet'n ¶ 20.) The audit showed that MAC failed to remit $47,116.91 of contributions to the Funds. (*Id.*) When MAC failed to pay these delinquent contributions, Petitioners initiated an arbitration before Arbitrator Pierson, who mailed a Notice of Hearing to Respondent. (*Id.* ¶ 21–22.) On September 30, 2024, Arbitrator Pierson held a hearing regarding the dispute,[2] and on December 4, 2024 Arbitrator Pierson issued the Award. (*Id.* ¶ 23; *see also* Doc. 1-10 ("Award").) The Award "ordered Respondent to pay the Funds the sum of $83,440.24, consisting of: (1) the principal deficiency of $47,116.91; (2) interest of $10,343.41; (3) liquidated damages of $9,423.38; (4) promotional fund contributions of $5,760; (5) non-audit late payment interest of $766.54; (6) court costs of $405; (7) attorneys' fees of $1,500; (8) arbitrator's fees of $1,000; and (9) audit costs of $7,125." (Pet'n ¶ 25; Award 3.) The Award further "ordered pre-judgment interest to accrue on the Award total at the annual rate of 10.5% from the date of the award through the date of judgment." (Pet'n ¶ 25.)

"On December 14, 2024, Respondent was served with a demand for payment of the Award." (*Id.* ¶ 26.) Respondent has not, to date, complied with the Award. Thus, on March 28, 2025, Petitioners filed the instant Petition, (Doc. 1), along with a supporting memorandum of law, (Doc. 5 ("Mem.")). On May 9, 2025, after Respondents failed to timely respond to the Petition, I entered an order stating that I would consider the Petition unopposed. (Doc. 10.) To date, MAC has not responded to the Petition.

---

[2] Respondent appeared before the Arbitrator, "did not contest the liability[,] but questioned the amount." (Award 2.)

3

## II.     Legal Standards

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted). The scope of a court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA [Section] 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't. Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Loc. 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (cleaned up). "Thus, barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-CV-4455, 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition

to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id*. at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id*. As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *Id*.

### III. Discussion

#### A. Arbitration Award

I have examined the record before me submitted by Petitioners, and I find that no genuine issues of material fact exist in this case. There is also no indication in the record before me that the Award was procured through fraud or dishonesty or that Arbitrator Pierson was acting in disregard of the CBA or outside the scope of his broad authority to resolve this dispute between the parties. Rather, the record demonstrates that the Arbitrator, under the authority given to him by the CBA, based the Award on undisputed evidence regarding Respondent's failure to report all hours worked, therefore failing to remit contributions required under the CBA and related agreements. (*See* Award; *see also* Doc. 1-8.) The record also demonstrates that the amounts of the Award were based on the provisions of the CBA and related agreements. (*See* Docs. 1-2–1-7.)

The Award is therefore confirmed, and the request for post-judgment interest is granted. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 465 (S.D.N.Y. 2022) (confirming arbitration award and granting post-judgment interest); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Vista Eng'g Corp.*, 19-CV-5280, 2021 WL 4077943, at *3 (S.D.N.Y. Sept. 7, 2021) (confirming arbitration award brought under LMRA section 301 where respondent did not oppose petition and record supported arbitrator's findings).

### B.   Attorneys' Fees

Petitioner also claims to be entitled to "all reasonable attorneys' fees and costs expended in this matter." (Pet'n ¶ 30.) Courts generally award "reasonable attorneys' fees and costs" in arbitration-confirmation actions such as this where the CBA and related agreements provide for fees and costs in actions to collect unpaid contributions and "'the party challenging the award has refused to abide by an arbitrator's decision without justification.'" *Architectural Metal*, 636 F. Supp. 3d at 466 (quoting *First Nat'l Supermarkets, Inc., v. Retail, Wholesale & Chain Store Food Emps. Union, Loc. 338*, 118 F.3d 892, 898 (2d Cir. 1997), and collecting cases).

Petitioners' counsel submitted billing records documenting that Attorneys Lillianna Iorforino and Maura Moosnick, as well as Paralegal Abigail Frankel, spent a total of 4.9 hours of work on this federal action. (*See* Doc. 1-12 ("Billing Records").) Attorney Moosnick billed at an hourly rate of $430, Attorney Iorfino billed at an hourly rate of $325, and Paralegal Frankel billed at an hourly rate of $155. (*Id.*) In total, the fee request comes out to $1,607, plus a request for costs of $151.60, accounting for "service fees." (*See* Doc. 10; Billing Records). Attorney Moosnick is a 2021 graduate of Fordham University Law School and is experienced in this field of litigation. (Pet'n ¶ 34.) Attorney Iorforino is a 2021 graduate of Brooklyn Law School, has worked at Petitioners' law firm since 2024, and previously worked as a litigation associate in

6

complex commercial litigation. (*Id*. ¶ 33.) Based on the billing records in this case, Attorney Moosnick and Ioriorino's tenure and experience, and that their rates are in line with what other courts have approved in similar cases, I find that the requested attorneys' fees and costs are fair and reasonable. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Floor Expo, Ltd.*, No. 24-CV-6867, 2025 WL 448646, at *5 (S.D.N.Y. Feb. 7, 2025); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Blackstar Mech. Grp. 740 Inc.*, No. 23-CV-3163, 2024 WL 1988327, at *4 (S.D.N.Y. May 6, 2024). The request is therefore APPROVED.

### IV.     Conclusion

For the foregoing reasons, Petitioner's motion is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and against Respondent as follows: (1) The December 4, 2024 Award is confirmed in all respects; (2) Petitioners are awarded $83,440.24, plus interest at an annual rate of 10.5% from December 4, 2024 through the date judgment is entered; (3) Petitioners are awarded $151.60 in costs arising out of this proceeding; and (4) Petitioners are awarded $1,607 in attorneys' fees arising out of this proceeding. Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.

SO ORDERED.

Dated: May 15, 2025
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge